# HOUSEHOLD FINANCE CORPORATION v BROWN, etc.

## Case No. 80-800 SP

County Court, Duval County

May 6, 1987

### APPEARANCES OF COUNSEL

**Lawrence C. Rolfe** for plaintiff Household Finance Corporation.

**Samuel L. LePrell** for garnishee Educational Community Credit Union.

**Jesse B. Brown** and **Anita V. Brown,** pro se.

### OPINION OF THE COURT

MORTON A. KESLER, County Judge.

This cause was heard on the Plaintiff's Motion for Final Judgment against Garnishee, and on the Amended Answer of Garnishee. The Defendant, JESSE B. BROWN filed an Affidavit of Exemption claiming that the money being held by the Garnishee, Educational Community Credit Union, in the amount of $1,050.00, is not subject to garnishment based on the fact that the Defendant, JESSE B. BROWN,

is the head of a family residing in the State of Florida, and that as such his wages cannot be garnished. At issue is the interpretation of Florida Statute 222.11. From the evidence the Court finds:

1. That the Defendant, JESSE B. BROWN, is the head of a family, and as such his wages are not subject to garnishment.

2. That the money being held by Educational Community Credit Union in the amount of $1,050.00 (of which $1,045.00 is subject to garnishment pursuant to said Amended Answer) is not "money . . . due for the personal labor or services of such person," and is therefore subject to garnishment by the Plaintiff.

3. Florida Statute 222.11 provides that no garnishment or other process shall issue from any Court to attach the payment of any money or other thing to any person who is the head of a family residing in this State, when the money or other thing is due for personal labor or services of such person. The Statute also provides that the exemption shall apply to any wages deposited to any bank account maintained by the debtor when said funds can be traced and properly identified as wages. This last provision was added by amendment in 1985. Apparently, the basis of said amendment was that banks, and other large financial and commercial institutions, pay their employees by electronic transfer directly into bank accounts. Therefore, the employee, for all practical purposes, has no alternative but to have his wages placed into a bank account. As such, without any legal protection, the funds would then automatically lose their character as wages and would be subject to garnishment.

4. In this case, the debtor JESSE B. BROWN received his check and *by his own election*, chose to deposit the same into an existing savings account, which at the time of the deposit contained other funds from previous deposits. Accordingly, the funds due JESSE B. BROWN from the Educational Community Credit Union no longer retain their character as wages, as contemplated by the statute, but are owed by the Credit Union to Brown merely by virtue of the relationship between a bank and its depositor. Therefore, said funds are subject to garnishment by the Plaintiff.

Based on the above, it is thereupon

ORDERED AND ADJUDGED:

1. That the Plaintiff, Household Finance Corporation, have and recover from the Garnishee, Educational Community Credit Union, the sum of $1,045.00, for all of which let execution issue.

2. The sum of $62.50 is hereby taxed as costs against the Defendant,

**73**

JESSE B. BROWN and ANITA V. BROWN, for all of which let execution issue.

3. The monies currently being held by the Clerk as a deposit for attorney's fees shall be disbursed to Samuel L. LePrell, Attorney for Garnishee.

DONE AND ORDERED in Chambers, at Jacksonville, Duval County, Florida, this 6th day of May, 1987.